UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

NELSON RODRIGUEZ,

                    Petitioner,

     -vs-

WILLIAM P. BARR, United States
Attorney General; and JEFFREY J.
SEARLS, Director of the Buffalo
Federal Detention Facility,

                  Respondents.

**No. 6:18-cv-06757-MAT**
**DECISION AND ORDER**

───────────────────────────────

## I.   Introduction

Proceeding *pro se*, Nelson Rodriguez ("Rodriguez" or "Petitioner") commenced this habeas proceeding pursuant to 28 U.S.C. § 2241 ("§ 2241") challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). On May 5, 2019, the Petition (Docket No. 1) was dismissed. On May 31, Rodriguez filed a pleading styled as a Motion for Reconsideration (Docket No. 20) which is, in sum and substance, simply another habeas petition. For the reasons discussed below, the Motion for Reconsideration is denied.

## II.   Factual Background and Procedural History

Rodriguez is a citizen and national of El Salvador. He was last admitted to the United States on December 13, 1983, on an IR-2 immigrant visa. On or about March 13, 2009, a grand jury in Kings County, New York State indicted Rodriguez on eleven counts

including one count of Rape in the First Degree (N.Y. Penal Law ("P.L.") § 130.35(3)), six counts of Sexual Abuse in the First Degree (P.L. § 130.65(3)), three counts of Committing a Criminal Sexual Act in the First Degree (P.L. § 130.50(3)), and one count of Endangering the Welfare of a Child (P.L. § 260.10(1)).

On November 4, 2010, Rodriguez pleaded guilty to one count of Sexual Abuse in the First Degree (P.L. § 130.65(3)), and one count of Endangering the Welfare of a Child (P.L. § 260.10(1)). Rodriguez was sentenced to, among other restrictions, ten years of probation on the first conviction and three years of probation on the second conviction. On January 19, 2012, a judge in Kings County New York found that Rodriguez had violated the conditions of his probation and accordingly resentenced him to concurrent terms of two years in prison for the first-degree sexual abuse conviction and one year in prison for the endangering the welfare of a child conviction.

After DHS concluded that Rodriguez did not present a viable claim of derivative citizenship, he was served, on August 24, 2016, with a Notice to Appear ("NTA"). The NTA charged him with being subject to removal from the United States because he was convicted of an aggravated felony pursuant to 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(A)(iii), as well as a crime of child abuse, neglect, or abandonment pursuant to 8 U.S.C. § 1227(a)(2)(E)(i).

Rodriguez was taken into DHS custody on January 13, 2017. On June 28, 2017, Rodriguez had a custodial determination hearing before an immigration judge pursuant to *Lora v. Shanahan*, 804 F.3d

601 (2d Cir. 2015) (as a matter of first impression, an immigrant detained pursuant to statute requiring mandatory detention of certain aliens awaiting removal proceedings must be afforded a bail hearing before an immigration judge within six months of his or her detention), *vacated*, 138 S. Ct. 1260 (2018). In accordance with *Lora*, the IJ held DHS to the burden of proving, by clear and convincing evidence, that Rodriguez should not be admitted to bail. After finding that DHS had established by clear and convincing evidence that Rodriguez is a danger to the community, the IJ denied Rodriguez's request to change his custodial status. On November 9, 2017, the IJ judge found Rodriguez removable as charged. The IJ further found that, because of Rodriguez's aggravated felony conviction, he was statutorily ineligible for asylum or cancellation of removal for certain permanent residents; and that because Rodriguez had committed a particularly serious crime, he was ineligible for withholding of removal. In addition, the IJ declined to grant Rodriguez's request for deferral of removal to El Salvador under the regulations implementing the Convention Against Torture ("CAT"). The IJ ordered that Rodriguez be removed to El Salvador.

Rodriguez filed an appeal with the Board of Immigration Appeals ("BIA"), which dismissed his appeal on April 2, 2018. On April 13, 2018, Rodriguez filed a *pro se* petition for review with the United States Court of Appeals for the Second Circuit, along with an emergency motion for a stay of removal and a motion to

appoint counsel. *See Rodriguez v. Barr*, 18-1070 (2d Cir. Apr. 13, 2018). On April 23, 2018, the United States Attorney General opposed Rodriguez's stay motion.

On July 2, 2018, and October 19, 2018, DHS conducted additional custodial reviews and determined to continue Rodriguez's detention. On October 22, 2018, Rodriguez filed the instant Petition.

On November 30, 2018, the Attorney General filed a motion with the Second Circuit to expedite adjudication of Rodriguez's stay motion. While this motion was pending, DHS conducted another custodial review on January 7, 2019, and determined that Rodriguez should remain in custody. On January 11, 2019, the Second Circuit granted the Attorney General's motion to expedite, granted Rodriguez's stay motion, and granted Rodriguez's request to appoint *pro bono* counsel.

In his Petition, Rodriguez contended that DHS failed to investigate the possibility that he had derived citizenship. He also asserted that he is entitled to release from DHS custody because he has not received regular reviews of his custodial status, he has been detained for an unreasonable period of time, and that his detention has no reasonably foreseeable endpoint.

In a Decision and Order dated May 5, 2019 the Court found that it did not have jurisdiction to consider his claim of derivative citizenship; that his detention under 8 U.S.C. § 1226(c) did not violate due process; and that he had no viable claim under *Zadvydas*

*v. Davis*, 533 U.S. 678 (2001), because he was not detained under 8 U.S.C. § 1231.

On May 31, 2019, Rodriguez filed a pleading captioned as a "Reconsediration [sic] and Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 By a Person in Custody." Motion for Reconsideration (Docket No. 20) at 1. In it, he "petitions this Court for a writ of habeas corpus to remedy for 'Stay of Removal', and to enjoin his continued detention by the Respondents." *Id.* Rodriguez reiterates his arguments raised in his original Petition as to why his detention is unconstitutional and also adds a new claim a new claim based on the Eighth Amendment's excessive bail clause

The Government filed a Memorandum of Law in opposition, and Rodriguez filed a Response. Again, Rodriguez's Response is simply another petition for habeas corpus which re-asserts the same due process claims previously raised and asserts a new Eighth Amendment claim.

## III. Discussion

"[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under FRCP 59(e), however it may be formally styled.'" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982) (quoting *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978)). The Second Circuit has explained that "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). A motion for reconsideration may not be used merely as a vehicle for rearguing the merits of the challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Rodriguez has not pointed to any controlling legal decisions or material evidence that the Court overlooked in reaching its original decision. Rather, he presents the same arguments that this Court has already considered and rejected. *See Garcia v. Dep't of Homeland Sec.*, No. 10-CV-246 (MAT), 2010 WL 1630412, at *2 (W.D.N.Y. Apr. 21, 2010) (denying reconsideration where detained alien did not substantiate claim that he was entitled to relief under Fed. R. Civ. P. 60(b) based on "new evidence"; petitioner "simply re-argu[ed] his status as a removable alien and his continued detention, and in doing so, present[ed] the same arguments that this Court has already twice considered and rejected"), *aff'd*, 422 F. App'x 7 (2d Cir. 2011).

With regard to his new claim that his detention violates the Excessive Bail Clause of the Eighth Amendment to the United States Constitution, Rodriguez has not explained why he did not raise this

argument in his original petition. In any event, the argument is not one which would not "alter the conclusion reached by the court." *Garcia*, 2010 WL 1630412, at *2 n.2. Because Rodriguez "has not been granted release on bond," he "has no basis for arguing that the Government is asking him to pay an excessive amount of bail in order to be released from custody." *Mugiraneza v. Whitaker*, No. 6:19-cv-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019). Moreover, there is "little reason to believe that the Excessive Bail Clause might provide relief for mandatory detention that has become 'unreasonably prolonged' when the Due Process Clause does not." *Sankara v. Barr*, No. 19-cv-174, 2019 WL 1922069, at *9 (Apr. 30, 2019).

## IV. Conclusion

For the reasons discussed above, Rodriguez's Reconsideration Motion is denied.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:      November 14, 2019
            Rochester, New York.